### MOSES LEWIS *versus* SAMUEL L. BLAIR.

When the return of a sheriff upon mesne process may be contradicted.

CASE, for malicious prosecution in procuring the plaintiff to be indicted for rescuing from the custody of the defendant, a deputy sheriff, one J. C. Wood, who had been arrested by the defendant on the 20th November, 1811, on mesne process, at the suit of one G. Erwin.

The cause was tried in this county at May term, 1815, upon the general issue. The plaintiff having proved at the trial that he had been indicted for the rescue, by the procurement of the defendant, and that he had been acquitted, in order to shew the prosecution to have been altogether groundless and malicious, produced a copy of the writ upon which

Wood had been arrested, with a copy of Blair's return upon the same, as follows: "*Grafton ss.* Nov. 20, 1811. Pursuant to this precept, I have apprehended the body of the within named J. G. Wood, and have taken S. Wells and Moses Lewis bail, as the law directs.

*S. L. Blair*, dep. sheriff."

But the defendant, in order to rebut the evidence of malice which this return was supposed to furnish, offered to prove that Lewis did in fact, on the 20th November, 1811, rescue Wood from his custody, and convey him away, so that he could not be again re-taken; that Wood died on the 25th December, 1811, and that after the death of Wood, and before the knowledge of his death came to the defendant, Lewis offered himself and said Wells as bail for Wood's appearance in Erwin's suit aforesaid, and the said Blair having agreed to accept them as bail, made the said return. The plaintiff objected to the admission of this evidence, on the ground that it went to contradict Blair's return on the writ, and the judge who tried the cause rejected it. The jury returned a verdict for the plaintiff, whereupon the defendant moved for a new trial, and at this term the opinion of the court was delivered by

RICHARDSON, C. J. The rule that the return of the sheriff cannot be contradicted is, as far as it has ever been practically applied, founded in public convenience, and is as ancient as the common law itself. 2 *Institutes* 449. But this rule, though very general, is certainly not universal. There are many cases to be found in the books, where the rule has been held not to apply. *Cro. Eliz.* 859, *Gibson* vs. *Brook.*— 2 *Salkeld* 581, *Moore* vs. *Watts.*—2 *Institutes* 449.—*Jenkins's Centuries* 94, 121, 143.—*Dyer* 349, 223.—4 *Bos. & Puller* 251, *Forsyth* vs. *Marriott.*—*Owen* 132, *Sir George Brooks' Case.*

In some of these cases an averment against the return of the sheriff is given by the statute of *Westminster* 2, c. 39, and in others it is allowed, on account of the extreme hardship that would result from the application of the general rule. Upon an attentive examination of all the cases, it will

Lewis
*vs.*
Blair.

be found that the rule that there can be no averment against the sheriff's return, has only been applied in cases where the attempt was to invalidate his proceedings by shewing the falsity of his return. This circumstance shews at once the object and reason of the rule. The object of the rule was to protect the proceedings of the sheriff; and the reason of it was the extreme inconvenience that must result from suffering the proceedings of the sheriff to be invalidated by calling in question the truth of his return. If the sheriff's return might be thus invalidated, " much mischief to parties would " result from it, and much uncertainty in judicial proceedings " would be the consequence." *Parsons*, 6 *Mass. Rep.* 327. The limits, then, within which the rule is applicable, are distinctly marked by the reason and object of it ; and the true rule is "that for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired by means of them, the truth of his return cannot be called in question." There is not in the books even a *dictum* that the rule was ever carried to a greater extent than this.

In the present case, the defendant offered to shew, that although he had returned the fact that he had bailed Wood to Lewis and Wells, under the date of November 20, 1811, yet he did not in fact bail him to them until after the 25th of December, when Wood died ; and he offered to show this, not for the purpose of defeating the process under which Wood was arrested, nor any right acquired by means of his doings under that process, but for the purpose of repelling any imputation of malice in a criminal prosecution, which he afterwards instituted against Lewis. The present case, then, not being within the reason of the rule, the rule does not apply. To extend the rule to this case would be to push it unjustly beyond the reason of it, and would convert a most salutary principle of law into an instrument of injustice, and make it a reproach to our system of jurisprudence.

There is another limitation to the application of the rule, that the sheriff's return cannot be traversed. The return of any collateral fact not necessary to be returned in order to render his proceedings valid, may be traversed. 11 *East* 296,

*Gyfford* vs. *Woodgate.*—*Owen* 132, *Sir George Brooks' Case.*—*Cro. Eliz.* 859, *Gybson* vs. *Brooks.*—2 *Salkeld* 581, *Moor* vs. *Watts.* Even the teste of a writ, when it is mere matter of form, although of record, is traversable. 2 *Burrows* 950, *Johnson* vs. *Smith.*—3 *Burrows* 1243, *Morris* vs. *Harwood.* In the present case, if Wood had escaped on the 20th November, 1811, it was material to the defendant to procure bail, otherwise he might have been liable for the escape.

Lewis
*vs.*
Blair.

If Lewis and Wells offered themselves after the 25th of December, 1811, it was competent to the defendant to receive them as bail, and they would have been liable as such, had not Wood been dead.

For the fact of the arrest of Wood not being traversable, it was immaterial whether he were retaken or not. 1 *Strange* 444.—2 *Bos. & Puller* 35, 246. There was, then, no irregularity or impropriety in taking bail after the 25th of December, 1811. It was also wholly immaterial, as far as the validity of the sheriff's proceedings were concerned, under what date the fact of bailing Wood to Lewis and Wells was returned, or whether it were returned under any date.

Had the defendant returned on one part of the writ, under a particular date, that he had arrested Wood, and on another part of the writ returned without date that he had bailed him, his return would have been valid.

Nor is it to be intended or understood that he in fact bailed Wood on the day stated in the return, any more than it is to be understood that in extending an execution on real estate, all the proceedings in fact take place on the day of the date of the return. 9 *Mass. Rep.* 393, *Heywood* vs. *Hildreth.*

The reasoning of Lord Mansfield on the subject of the *teste* of a *latitat*, in 2 *Burrows* 966–7, is applicable to the present case in all its force. The evidence, then, which was rejected, ought to have been admitted—and the verdict must be set aside and a new trial granted.

*Noyes*, for the plaintiff.

*Grant* and *Swan*, for the defendant.